IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 14 2009

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

| | |
|---|---|
| BRE ANN ROSHAK, <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | )   CIVIL ACTION FILE <br> )   NO.: 1 09-CV-2508 |
| A-1 RENTALS, INCORPORATED <br> AND CHRIS RISSMILLER, <br> INDIVIDUALLY, <br>     Defendants. | ) <br> ) <br> )   JURY TRIAL REQUESTED <br> ) |

-RLV-

## COMPLAINT

COMES NOW, BRE ANN ROSHAK, Plaintiff herein, and makes this her Complaint for damages and other relief as follows:

### INTRODUCTION

1.

This is an action by Bre Ann Roshak ("Roshak"), a former employee of A-1 Rentals, Inc. ("A-1"), for, among other things, sexual harassment and inappropriate conduct of a co-worker, Chris Rissmiller ("Rissmiller").

### JURISDICTION

2.

This Court has jurisdiction pursuant to 28 U.S.C. Section 1331 and 42 U.S.C. Section 2000(e)-(5)(f). In addition, supplemental jurisdiction is provided to this Court pursuant to U.S.C. Section 1367.

## VENUE

3.

Venue is appropriate in this District and Division as the Plaintiff resides in Cobb County, Georgia; Defendant Rissmiller resides in the Northern District of Georgia; Defendant A-1's registered agent is located at 2976 Ask Kay Drive, Building A, Smyrna, Georgia 30082; and, the relevant events at issue in the litigation occurred within this District. (28 U.S.C. Section 1391, and 42 U.S.C. Section 2000(e)-(5)(f)(3)).

## PARTIES

4.

At all times relevant hereto, Plaintiff was employed by the Defendant, A-1 Rentals, Inc. During her employment with Defendant A-1, Chris Rissmiller was her co-worker.

5.

Defendant A-1 is a corporation duly authorized to conduct business in Georgia and in this judicial district. Defendant A-1 may be served through their registered agent, Robert Leyden, 2976 Ask Kay Drive, Building A, Smyrna, Georgia 30082. Defendant A-1 is an "employer" within the meaning of 42 U.S.C. Section 2000(e)(b) and is subject to personal jurisdiction and venue of this Court. Defendant Rissmiller may be served at

his residence located at 704 Martin Luther King, Jr. Street, Rockmart, Georgia 30153.

## FACTUAL ALLEGATIONS

6.

Plaintiff re-alleges paragraphs 1-5 as though fully set forth herein.

7.

Plaintiff began working for Defendant A-1 on or about April 2, 2007.

8.

At all times during her employment with Defendant A-1, the Plaintiff's work performance was satisfactory.

9.

Shortly after the inception of Plaintiff's employment, Defendant Rissmiller, began using profane, vulgar and sexually explicit language that was demeaning to women in the presence of, and most times directed at, Plaintiff.

10.

Between the dates of April 2, 2007 and August 14, 2007, Rissmiller frequently touched Plaintiff's breast with his hands. Said actions by Defendant Rissmiller were continuous and severe enough such that they

created an abusive and hostile work atmosphere that rendered Plaintiff's work environment hostile and intolerable.

11.

Plaintiff was sexually harassed by Defendant Rissmiller on numerous occasions.

12.

Plaintiff reported the sexual harassment and verbal abuse to her supervisor, Robert Leyden ("Leyden"). Leyden advised the Plaintiff that it was the "busy season" and to try and resolve the situation on her own.

13.

The unwanted sexual advances continued and the Plaintiff again complained to her supervisor, Robert Leyden. Leyden requested that the Plaintiff resign from her position with Defendant A-1 and offered her four weeks severance pay to do so. The Plaintiff refused this offer.

14.

Plaintiff asked Leyden to keep her job and begged him to do something about Defendant Rissmiller's continued, unwanted, sexual harassment.

15.

The following day, Plaintiff was given a stack of documents by Leyden and told her to sign them. Plaintiff advised that she would like for an attorney to review them prior to her signing. Leyden advised the Plaintiff to take them to her attorney and bring them back signed the following day or she would be fired.

16.

The following day the Plaintiff returned the stack of paperwork to Leyden signed. That same day, Plaintiff was fired from her position with Defendant A-1.

17.

Plaintiff filed a Complaint with the EEOC. The EEOC issued a Notice of Right to Sue. This action is filed within ninety (90) days of the issuance of the Notice of Right to Sue.

18.

Defendant A-1 knew about the treatment of Plaintiff by Defendant Rissmiller, and yet made no efforts or grossly inadequate efforts to cure, correct, or discipline Defendant Rissmiller for these statements or actions and/or failed to maintain and provide a humane and appropriate work place for Plaintiff.

## CLAIMS FOR RELIEF

## COUNT ONE

## TITLE VII OF THE 1964 CIVIL RIGHTS ACT

19.

Plaintiff re-alleges paragraphs 1 though 18 above as though fully set forth herein.

20.

On or about September 6, 2007, within 180 days of the last occurrence of the above described continuous acts, Plaintiff filed her charge of discrimination under Title VII of the Civil Rights Acts of 1964, as amended, with the Equal Employment Opportunity Commission ("EEOC").

21.

Defendant A-1 is an employer are that term is defined under Title VII, 42 U.S.C. Section 2000(e)(b).

22.

On or about June 15, 2009, the EEOC issued Plaintiff a "Notice of Right to Sue" entitling her to institute a civil action against the Defendants. This Complaint is filed within 90 days of the receipt of this Notice.

23.

Plaintiff, female, is a member of a protected group for purposes of Title VII.

24.

The actions of Defendant A-1, by and through its employee, Defendant Rissmiller, subjected Plaintiff to sexually discriminatory treatment and a hostile work environment that was severe and continuous enough in nature as to alter the terms of employment. She was subjected to frequent and unwelcomed verbal harassing conduct. At no time did the Plaintiff condone or welcome this harassment and abuse.

25.

The above-referenced harassment and discrimination was based on Plaintiff's sex.

26.

Submission to, or tolerance of the above-referenced conduct was a condition of Plaintiff's employment and it was sufficiently severe or pervasive so as to alter conditions of Plaintiff's employment and create an abusive working environment. In objecting to such conduct, Plaintiff was acting within her rights under Title VII. Plaintiff was fired from her position

in retaliation for objecting to the inappropriate environment and other acts of discrimination.

27.

The actions of the Defendants constitute discrimination based upon sex as that term is defined in Title VII, 42 U.S.C. Section 2000(e)(2)(m), giving rise to a claim for declaratory and injunctive relief, including lost benefits, front and back pay and damages as permitted by 42 U.S.C. Section 1981(a), in such amounts as determined by the enlightened conscience of an impartial jury and otherwise permitted pursuant to Title VII.

## COUNT TWO

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.

Plaintiff re-alleges and incorporates by reference her allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

29.

The actions of the Defendants were intentional, in creating and maintaining a sexually hostile and abusive work environment and in failing to recognize and correct these offensive situations.

30.

The acts of the Defendant A-1, by and through Defendant Rissmiller, were extreme, wanton and outrageous. They violated established rights of the Plaintiff, based upon disregard for these rights, personal abuse of power and were done without any justifiable basis.

31.

The Plaintiff was emotionally and physically affected by the sexual harassing behavior and the other intentional actions of the Defendants. As a direct result of the aforesaid conduct, Plaintiff suffered severe physical and emotional injury, including but not limited to, anxiety and depression. These reactions were known or should have been anticipated by the Defendants, but Defendants continued their harassment and intentional conduct.

32.

The actions of the Defendant A-1, by and through Defendant Rissmiller, constitutes intentional infliction of emotional distress, giving rise to a claim for relief for compensatory and punitive damages in an amount to be determined by the enlightened conscience of an impartial jury.

## DAMAGES

33.

Plaintiff re-alleges and incorporates by reference her allegations set forth in paragraphs 1 through 32 above as through fully set forth herein.

34.

The Plaintiff is entitled to general and special damages in an amount to be determined at trial.

35.

The Plaintiff is entitled to punitive damages because the Defendants' actions were willful and were with reckless disregard for the consequences.

33.

The Defendants acted in bad faith, has been stubbornly litigious, and have caused the Plaintiff unnecessary trouble and expense, warranting the recovery of attorney's fees.

WHEREFORE, Plaintiff prays as follows:

a. That this Court take jurisdiction in this matter;

b. That summons and process issue to the Defendants named herein;

c. That Plaintiff have a trial by jury;

d. Judgment in favor of the Plaintiff on all counts;

e. That Plaintiff be awarded damages for back pay, front pay and lost benefits;

f. That Plaintiff receive special and general damages in an amount to be determined at trial;

g. That Plaintiff be awarded reasonable and necessary attorney's fees and expenses;

h. That Plaintiff be awarded punitive damages against Defendants, in an amount to be determined by the enlightened conscience of an impartial jury;

i. That costs of suit be cast upon Defendants;

j. That Plaintiff be reinstated to her prior status at A-1 with full seniority and benefits; and,

k. For such other and further relief that the Court deems just and proper.

This 14th day of September, 2009.

_____
Jeff Banks
Georgia State Bar No.: 005445
Attorney for Plaintiff

Banks & Riedel
1301 Shiloh Road, Suite 1610
Kennesaw, Georgia  30144
(678) 797-6364

## RULE 7.1(D) CERTIFICATE

I certify that this pleading is prepared in 14 point, Times New Roman, in accordance with Local Rule 5.1(B).

This 14th day of September, 2009.

_____
Jeff Banks